UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: BIOMET M2a MAGNUM HIP IMPLANT PRODUCTS LIABILITY LITIGATION (MDL 2391) | ) ) ) ) ) ) )  Cause No. 3:12-MD-2391 RLM |
| *This Document Relates to*: | ) ) |
| EIDE v. BIOMET, INC. et al<br>SMITH v. BIOMET, INC. et al<br>MCLEVIS v. BIOMET, INC. et al | ) Cause No. 3:17-CV-955 RLM-MGG<br>) Cause No. 3:17-CV-956 RLM-MGG<br>) Cause No. 3:17-CV-957 RLM-MGG<br>) |

OPINION AND ORDER

Eric Eide, Melinda Smith, and Ronald McLevis filed suit against Dr. Cuckler, AMC, and the Biomet defendants, alleging that Dr. Cuckler and Alabama Medical Consultants, Inc. ("AMC"): (1) are citizens of Florida; (2) had a "contractual relationship" with Biomet, pursuant to which they designed and promoted the M2a; and (3) "consented to being sued in this MDL court for claims of injury related to the products at issue in this Complaint." The same group of attorneys, Altom Maglio, Ilyas Sayeg, and Caroleen Brej of Maglio Christopher & Toale, P.A. represents each of these plaintiffs.[1] Each filed suit directly in this court, pursuant to the March 14, 2016 Case Management Orders, alleging that venue would be proper in their home states (the Eastern District of California for

---

[1] Michele Stephan, another associate at Maglio Christopher & Toale, P.A. entered an appearance for the plaintiffs in June 2018, after Dr. Cuckler and AMC had been dismissed and after the motions for reconsideration were filed.

Mr. Eides, the Eastern District of Arkansas for Ms. Smith, and the District of Minnesota for Mr. McLevis) "because a substantial part of the events or omissions giving rise to [their] claim[s] occurred in [those states]." Dr. Cuckler and AMC moved to dismiss all three cases for lack of personal jurisdiction, and filed a supporting affidavit. When the plaintiffs failed to respond, I granted the defendants' motions and dismissed the claims against Dr. Cuckler and AMC. [Doc. No. 18 in 3:17cv955, 3:17cv956, and 3:17cv957]. The plaintiffs moved to reconsider under Fed. R. Civ. P. 60(b), and seek leave to file a belated response to the motions to dismiss. Because the plaintiffs haven't convinced me that the dismissal motions should be denied after having been granted in the face of the plaintiffs' silence, I am denying their motions to reconsider and for leave to file belated responses.

The plaintiffs' counsel, Altom Maglio, asserts that the failure to respond to the motions to dismiss was due to excusable neglect – a "scheduling error on the part of Plaintiff's counsel" and "glitches" in the firm's "practice management software"; that the plaintiffs have a meritorious defense (as set forth in their belated responses to the motions to dismiss (attached as Exhibit A to the motions to reconsider); and that Dr. Cuckler and AMC won't be prejudiced by allowing them to proceed on the merits because the dismissal was without prejudice, so they can always refile their complaints.

The defendants maintain that the plaintiffs haven't shown excusable neglect, and isn't entitled to the relief requested even if they had, because they haven't presented any factual or legal basis that would allow this court to assert personal jurisdiction over Dr. Cuckler or AMC. I agree.

"[T]rial judges are vested with discretion when determining whether an attorney's neglect in missing a deadlines is 'excusable' for purposes of Rule 60(b)(1)." Robb v. Norfolk & Western Ry. Co., 122 F.3d 354, 363 (7th Cir. 1997). Factors to be considered include: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993); *see also* Katkar Hospital, Inc. v. Fox TV Holdings, 767 F.3d 701, 707 (7th Cir. 2014).

Mr. Maglio acted quickly after learning that the motions to dismiss had been granted and I have no reason to doubt that he acted in good faith. But the plaintiffs haven't persuaded me that their belatedly submitted arguments lead to a different outcome.

When the issue of personal jurisdiction is raised in a motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over each of the defendants. Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 799 (7th Cir. 2014); Tamburo v. Dworkin, 601 F.3d 693, 700 (7th

3

Cir. 2010); Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). A court can receive and weigh affidavits, exhibits and other evidence in deciding whether it has personal jurisdiction, Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 782; Nelson v. Park Indus., Inc., 717 F.2d 1120, 1123 n.7 (7th Cir. 1983). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff[s] must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d at 783.

The plaintiffs contend that the facts alleged in their complaints satisfy their burden – that Dr. Cuckler and AMC "consented to being sued in this MDL Court for claims of injury related to the products at issue in [the complaints]" and that venue is proper in their home states (Cmplts. ¶¶ 6 and 10). Their belated responses assert that an "abundance of evidence" shows that Dr. Cuckler and AMC consented to personal jurisdiction "in past similar cases where a motion to dismiss was filed", and that, in so doing, they've "voluntarily and expressly" consented to jurisdiction in this court and in every plaintiff's "home state of residence (or location of surgeries performed)." Citing Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxities de Guinee, 456 U.S. 694, 704-05 (1982) ("[t]he actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not."). In support, they submit defendants'

motions (or amended motions) to dismiss seven cases that Mr. Maglio's firm had filed in a Florida Circuit Court for *forum non conveniens*, defendants' memorandum in support of four of those motions, and a hearing transcript and order granting one of the motions to dismiss in Eanes v. Cuckler et al, Case No. 11-2016-CA-000617.[2]

Those documents show that Dr. Cuckler, AMC, and the Biomet defendants consented to personal jurisdiction in the plaintiff's home state in those cases. But "[a] party's consent to jurisdiction in one case...extends to that case alone." Klinghoffer v. S.N.C. Achille Lauro, 937 F.2d 44, 50 n.5 (2d Cir. 1991); *see also* Torrent Pharmaceuticals Ltd v. Daiichi Sankyo, Inc., 2016 WL 3976992, *3-4 (N.D. Ill. 2016) (a defendant's consent to a district court exercising personal jurisdiction for a first litigation does not extend to other litigations, even where there may be overlapping subject matter). The plaintiffs cites no authority to the contrary. While Biomet might have consented to personal jurisdiction in this court and other courts of proper venue, when they agreed to allow direct filing, the plaintiffs haven't presented any factual or legal basis for imputing that consent to Dr. Cuckler and AMC in these cases.

---

[2] The seven cases are Eanes v. Cuckler et al, Case No. 11-2016-CA-000617 (Collier County Circuit Ct.); Fowler v. Cuckler et al, Case No. 11-2016-CA-001659 (Collier County Circuit Ct.); Hunt v. Cuckler et al, Case No. 11-2016-CA-000701 (Collier County Circuit Ct.); Lichtman v. Cuckler et al, Case No. 11-2016-CA-000704 (Collier County Circuit Ct.); Pitts v. Cuckler et al, Case No. 11-2016-CA-001662 (Collier County Circuit Ct.); Massie v. Cuckler et al., Case No. 11-2016-CA-001749; and Reals v. Cuckler et al., Case No. 11-2016-CA-000709 (Collier County Circuit Ct.).

Dr. Cuckler submitted an affidavit in support of each motion to dismiss in which he attests that:

- His primary legal residence is in Florida, and AMC is an Alabama corporation with its principal place of business in Florida.[3]

- He is the President and Director of AMC.

- From July 5, 2000 to July 1, 2008, AMC "assist[ed] Biomet, as an independent contractor, in developing the various M2a metal-on-metal hip replacement implants."

- "Any product development work that [he] or AMC provided to Biomet related to the M2a System occurred in Alabama or Indiana."

- On October 16, 2009, he "acted as an independent contractor and provided independent educational and training services" to Biomet in Indiana related to the M2a System, pursuant to the terms of an Educational Service Agreement between AMC and Biomet Orthopedics, LLC.

- "Any educational services that [he] provided to Biomet related to the M2a System occurred in Alabama or Indiana."

---

[3] "Citizenship" depends on domicile –"the state in which a person intends to live over the long run"– not residence, for purposes of 28 U.S.C. § 1332. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). The parties don't dispute the fact that Dr. Cuckler is a citizen of Florida.

- He and AMC haven't advertised, solicited, or done any business related to the M2a System outside of Alabama or Indiana, and don't have any offices, employees, agents, bank accounts or property outside of Alabama or Florida.

- Neither he, nor AMC: (a) is an affiliate or subsidiary of any Biomet entity, (b) exerted any right of control over the actions of the Biomet defendants, (c) had any decision making authority with respect to the design, marketing or sales of the M2a System, (d) was involved in the manufacture of any M2a System, or acted as a distributor or sales representative for any M2a System, or (e) consented to general or specific jurisdiction in this case.

[Doc. No. 15-1 in 3:17cv955, 3:17cv956, and 3:17cv957]. The plaintiffs have neither presented evidence to the contrary nor shown that Dr. Cuckler or AMC consented to personal jurisdiction in this court or the district court in Minnesota.

Accordingly, the plaintiffs' motions to reconsider the May 2018 orders dismissing Dr. Cuckler and AMC [Doc. No. 19 in 3:17cv955, 3:17cv956, and 3:17cv957] are DENIED.

SO ORDERED.

ENTERED:   January 23, 2019

                                           /s/ Robert L. Miller, Jr.
                                       Judge, United States District Court

Northern District of Indiana